UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARK LANCE TYLER, )<br>)<br>Plaintiff, )<br>)<br>v.                                      )<br>)<br>CHRISTOPHER ALLEN NEWTON, et al., )<br>)<br>Defendants. ) | 4:09-CV-147-SEB-WGH |

### Entry Discussing Motion to Reconsider

This cause is before the court on the plaintiff's motion to reconsider (dkt 8). That motion was filed with the clerk on January 20, 2010 and is directed to the Judgment entered on the clerk's docket on January 8, 2010, dismissing the action.

Given the timing of the plaintiff's motion to reconsider relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiff's claim, nor did it misapply the law to that claim in light of the applicable law. Accordingly, the post-judgment motion to reconsider, treated as a motion to alter or amend judgment (dkt 8) is **denied.**

**IT IS SO ORDERED.**

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Date:  01/25/2010

Distribution:

Mark Lance Tyler
14210 E. 500th Road
P.O. Box 312
Paris, IL 61944